IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-682-D

RONALD REALE, and DEBRA REALE, )
individually, and o/b/o their minor children, )
)
Plaintiffs )
)
v. )                                    **ORDER**
)
WAKE COUNTY HUMAN SERVICES, )
et al., )
)
Defendants. )

On November 28, 2011, plaintiffs, appearing pro se, filed a joint application to proceed in

forma pauperis pursuant to 28 U.S.C. § 1915 [D.E. 1]. Plaintiffs attached their complaint [D.E. 1],

Att. 1, and also filed a motion for a preliminary injunction and permanent injunction [D.E. 3].

Plaintiffs allege that they are involved in litigation with Wake County Human Services (and others)

concerning child custody and the placement of their minor children in foster care and that they seek

damages and injunctive relief pursuant to 42 U.S.C. § 1983 on behalf of themselves and their minor

children. See [D.E. 1], Att. 1 ("Compl."); Mot. for Inj. [D.E. 3].

The court lacks jurisdiction over this case. Diversity of citizenship is not present, there is no

federal question, and the domestic-relations exception to federal jurisdiction applies. See, e.g., 28

U.S.C. §§ 1331, 1332; Ankenbrandt v. Richards, 504 U.S. 689, 697–704 (1992). Under the Federal

Rules of Civil Procedure, if a court "determines at any time that it lacks subject-matter jurisdiction,

the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); accord United States ex rel. Vuyyuru

v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009) ("[W]hen a district court lacks subject matter

jurisdiction over an action, the action must be dismissed."); Cave v. E. Meadow Union Free Sch.

Dist., 514 F.3d 240, 250 (2d Cir. 2008) ("If a court perceives at any state of the proceedings that it

lacks subject matter jurisdiction, then it must take proper notice of the defect by dismissing the action.").

Even if this court had jurisdiction, plaintiffs' motions would still fail. An individual has the right to conduct a case pro se in federal court. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."). That right, however, does not give one a right to litigate on behalf of another. "The reasoning behind this rule is two-fold: it protects the rights of those before the court and it jealously guards the judiciary's authority to govern those who practice in its courtrooms." Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005) (citations omitted).

In Myers, a non-attorney parent filed a section 1983 claim on behalf of his minor children for alleged violations of their constitutional rights under the Establishment Clause. See id. at 398–99. The Fourth Circuit held that "non-attorney parents generally may not litigate the claims of their minor children in federal court." Id. at 401.[1] This rule ensures that a child's interest is not prejudiced by a "well-meaning, but legally untrained" parent. See id.

Plaintiffs' joint application to proceed in forma pauperis [D.E. 1] is DENIED, and plaintiffs' complaint [D.E. 1], Att. 1, is DISMISSED. Plaintiffs' motion for a preliminary injunction and permanent injunction [D.E. 3] is DISMISSED as moot.

SO ORDERED. This __7__ day of December 2011.

JAMES C. DEVER III
Chief United States District Judge

---

[1] The Myers court stated that an exception to this rule may include an appeal from the denial of Supplemental Security Income benefits. Myers, 418 F.3d at 401 n.7. That exception does not apply here.

2

Case 5:11-cv-00682-D   Document 4   Filed 12/08/11   Page 2 of 2