IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-682-D

RONALD REALE, and DEBRA REALE, )
individually, and o/b/o their minor children, )
)
              Plaintiffs )
)
     v. )    **ORDER**
)
WAKE COUNTY HUMAN SERVICES, )
et al., )
)
             Defendants. )

On November 28, 2011, plaintiffs Ronald Reale ("Ronald") and Debra Reale ("Debra"), appearing pro se on behalf of themselves and their minor children, filed a joint application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 [D.E. 1]. Plaintiffs attached their complaint [D.E. 1], Att. 1, and also filed a motion for a preliminary injunction and permanent injunction [D.E. 3]. Plaintiffs allege that they are involved in litigation with Wake County Human Services (and others) concerning child custody and the placement of their minor children in foster care and that they seek damages and injunctive relief pursuant to 42 U.S.C. § 1983 on behalf of themselves and their minor children. See [D.E. 1], Att. 1 ("Compl."); Mot. for Inj. [D.E. 3]. On December 8, 2011, the court denied plaintiffs' joint application to proceed in forma pauperis, dismissed plaintiffs' complaint, and denied as moot plaintiffs' motion for a preliminary injunction and a permanent injunction [D.E. 4]. On May 4, 2012, the United States Court of Appeals for the Fourth Circuit issued an unpublished opinion in which it vacated this court's dismissal of plaintiffs' complaint and remanded the case. Reale v. Wake Cnty. Human Servs., 480 F. App'x 195, 197 (4th Cir. 2012) (per curiam) (unpublished).

On September 17, 2012, plaintiffs renewed their motion for a temporary restraining order

[D.E. 19] and filed an amended complaint [D.E. 21]. Plaintiffs also seek appointment of a guardian ad litem for their minor children, or time to retain counsel to represent their children in this action. Mot. TRO 3. On November 19, 2012, defendant Joyce Williams filed a motion to strike and dismiss plaintiffs' motion for a temporary restraining order [D.E. 128]. Several defendants also filed responses in opposition to the motion for temporary restraining order [D.E. 140, 146, 149, 153, 164, 167]. All of the responses object to any entry of a temporary restraining order, but do not address plaintiffs' request for appointment of a guardian ad litem. As explained below, the court denies the motion for temporary restraining order and orders plaintiffs to obtain counsel for their children or face dismissal without prejudice of their children's claims.

I.

Plaintiffs' amended complaint is seventy-eight pages long and not a model of clarity. The North Carolina Court of Appeals has recounted some of the pertinent background of this case as follows:

> The evidence of record tends to show the following: [Ronald] and Debra Reale ... are citizens and residents of Wake County, North Carolina. [Ronald] and [Debra] were married and had seven children together. On 8 March 2010, the parties separated. [Debra] then left North Carolina and traveled to California with the children.
>
> On 29 March 2010, the trial court entered an ex-parte emergency custody order granting emergency sole temporary physical and legal custody of the minor children to [Ronald]. On 5 April 2010, the trial court entered an amended order stating that the minor children were at "substantial risk of being removed from the State of North Carolina for the purpose of evading the jurisdiction of North Carolina courts and are in substantial risk to serious physical harm." The 5 April 2010 order granted [Ronald] temporary physical and legal custody of the minor children and directed [Debra] to immediately surrender the minor children to [Ronald]. The next hearing was scheduled for 5 April 2010; however, it was continued to 3 May 2010.
>
> On 12 April 2010, the trial court learned that [Debra] had filed a motion for an ex-parte domestic violence order in the State of California, the hearing for which was

on 15 April 2010, at 8:30 a.m. PST. A California Commissioner issued a temporary restraining order after that hearing; however, there is no dispute that the California court lacked personal jurisdiction over [Ronald]. Subsequent to the hearing, on 15 April 2010, a telephone conference transpired between the California and North Carolina judges. All parties were then directed to return to the State of North Carolina to appear before the trial court on 3 May 2010 for a temporary custody hearing.

... [O]n 3 May 2010, the trial court conducted a hearing with both parties present, and [Ronald] signed a voluntary support agreement, which was filed that day. The same day, the trial court entered a domestic violence protective order, on its own motion, against [Ronald] and on behalf of [Debra]. [Debra] had never filed a motion for a domestic violence protective order.

On 8 June 2010, the trial court also entered a temporary custody order, granting physical and legal custody to [Debra], and prohibiting visitation between [Ronald] and the minor children.

On 28 June 2010, the trial court entered an order administratively closing the case pursuant to N.C. Gen. Stat. § 7B–200(c)(1).

[Ronald] subsequently filed a ... motion to set aside and declare void *ab initio* the three aforementioned orders. On 29 March 2011, the trial court entered an order granting [Ronald]'s motion to set aside the domestic violence protective order, because [Debra] never filed a motion for a domestic violence protective order, or issued and served summons, as required by N.C. Gen. Stat. § 50B–2(a). The trial court concluded it lacked subject matter and personal jurisdiction over [Debra] to enter a domestic violence protective order.

On 3 October 2011, [Ronald] filed a second ... motion to set aside the temporary custody order and voluntary support agreement, alleging that the two orders were founded on the void domestic violence protective order, and that, resultantly, they were necessarily also void. The trial court found as fact that the temporary custody order was not a product of the domestic violence protective order[] and that [Ronald] abandoned his argument with regard to the voluntary support agreement.

Reale v. Reale, No. COA12-374, 2012 WL 5395055, at *1–2 (N.C. Ct. App. Nov. 6, 2012) (unpublished table disposition) (footnotes omitted); see, e.g., Am. Compl. ¶¶ 93–98, 101–02.

Plaintiffs' interactions with defendant Wake County Human Services ("WCHS") began in October 2009, when WCHS made "a surprise visit on October 15, 2009," in response to "a so-called 'anonymous' compl[ai]nt of abuse from estranged, disgruntled family members[.]" Am. Compl. ¶

3

88. On June 23, 2010, WCHS filed a juvenile petition for removal of the minor children, which defendant Chasse, a Wake County District Court judge, granted. Id. ¶¶ 92, 108. The children have been in foster care or otherwise out of their parents' custody since that time. Id.

> Plaintiffs
>
> request an immediate Temporary Restraining Order in accordance with the Federal Rules of Civil Procedure, Rule 65, to immediately restrain and enjoin Wake County Human Services ("WCHS"), the Guardian ad Litem ("GAL"), and any person acting in concert or participation with them, from questioning, coaching, programming, or otherwise coercing any of the minor children, and to prohibit access and/or any contact, by phone or in person, between and among the seven Plaintiff minor children . . . and any person associated with or acting on behalf of WCHS, GAL, and/or any other person named as a party to this action without the expressed permission of both Plaintiff Parents absent an order of this court, made on notice to all parties, until such time as the allegations of the verified motion and affidavits filed in this matter shall be finally adjudicated.

Mot. TRO 3. The substantive standard for granting a temporary restraining order is the same as that for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). A temporary restraining order "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 22. Plaintiffs have not established that they are likely to succeed on the merits, that they are likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in their favor, or that an injunction is in the public interest. Thus, plaintiffs have not met their burden of proof. Accordingly, the court denies plaintiffs' motion for a temporary restraining order [D.E. 19]. To the extent plaintiffs seek a permanent injunction, the court denies the motion

without prejudice, subject to being renewed at an appropriate point in the litigation.

As for plaintiffs' request for either appointment of a guardian ad litem to represent their minor children in this action or time to secure counsel for their children, the motion is governed by Federal Rule of Civil Procedure 17(c)(2), which provides that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Ronald and Debra cannot continue to press their children's claims pro se. See Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005); see also Reale, 480 F. App'x at 197.

"State law generally governs an individual's capacity to represent a minor or incompetent in federal court." Sam M. ex rel. Elliott v. Carcieri, 608 F.3d 77, 86 (1st Cir. 2010) (citing Fed. R. Civ. P. 17(b)(3)). In light of Ronald and Debra's court-ordered loss of custody of their children, North Carolina would not allow them to advance any claims on their children's behalf. See, e.g., Gorsuch v. Dees, 173 N.C. App. 223, 226, 618 S.E.2d 747, 749 (2005) (collecting cases). Moreover, in light of the numerous dispositive motions pending, it is not clear what claims will remain for litigation. See Reale, 480 F. App'x at 197; see, e.g., Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130, 135 (2d Cir. 2009). Thus, the court will permit Ronald and Debra until January 11, 2013, to secure counsel for their children. If plaintiffs are unable to do so, the court will dismiss the children's claims without prejudice. See, e.g., Berrios, 564 F.3d at 135; Peter L. v. Rollins, No. 00-129-M, 2001 WL 1669253, at *4–5 (D.N.H. Dec. 19, 2001) (unpublished) ("the better solution is to dismiss the case without prejudice to refiling, if appropriate and warranted, in the judgment of a responsible adult").

II.

In sum, the court DENIES IN PART and DENIES WITHOUT PREJUDICE IN PART

5

plaintiffs' motion for a temporary restraining order [D.E. 19], and DIRECTS plaintiffs to obtain counsel to represent their children on or before January 11, 2013, or face dismissal without prejudice of their children's claims. The court DENIES AS MOOT defendant Joyce Williams's motion to strike and dismiss plaintiffs' motion for a temporary restraining order [D.E. 128].

SO ORDERED. This \_1 2\_ day of December 2012.

JAMES C. DEVER III
Chief United States District Judge