IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-682-D

RONALD REALE, and DEBRA REALE, )
individually, and o/b/o their minor children, )
)
Plaintiffs, )
)
v. ) **ORDER**
)
WAKE COUNTY HUMAN SERVICES, )
et al., )
)
Defendants. )

This case arises from contested actions in the Reale family's state child-custody proceedings. On November 28, 2011, plaintiffs Ronald and Debra Reale ("Reales" or "plaintiffs"), proceeding pro se, filed a complaint on behalf of themselves and their seven minor children [D.E. 1-1]. On December 8, 2011, before plaintiffs served the complaint on any defendant, this court dismissed their complaint for lack of subject-matter jurisdiction under the domestic-relations exception to federal jurisdiction [D.E. 4]. On May 4, 2012, the United States Court of Appeals for the Fourth Circuit held that the domestic relations exception did not apply, vacated the dismissal, and remanded the case for further proceedings. See Reale v. Wake Cnty. Human Servs., 480 F. App'x 195 (4th Cir. 2012) (per curiam) (unpublished).

On September 17, 2012, plaintiffs filed an amended complaint [D.E. 21]. The amended complaint, which is seventy-eight pages long, names seventy-three defendants. The Reales seek an order requiring the return of their children (including full legal and physical custody) and damages. Id. Numerous defendants have moved to dismiss plaintiffs' amended complaint on a variety of grounds, including for improper service of process [D.E. 56, 57, 62, 81, 92, 99, 105, 111, 113, 126,

133, 135, 141, 144, 147, 151, 154, 156, 157, 162, 165]. As explained below, the court dismisses the amended complaint as to all defendants except Baccuhus Carver ("Carver") for want of personal jurisdiction over the defendants due to plaintiffs' failure to effect proper service of process. Moreover, the court grants Carver's motion to dismiss under Rule 12(b)(1) and 12(b)(6) [D.E. 99], and denies plaintiffs' motion for reconsideration [D.E. 193].

I.

Initially, the court notes that the Wake County District Court and Wake County Human Services have ceased their involvement in the Reales' custody dispute. See [D.E. 194-2]. The Reales' minor children have been returned to the Reales' custody. See id.; [D.E. 194] ¶¶ 2–3. Thus, the Reales' claim for injunctive relief regarding their children's custody is dismissed as moot. See [D.E. 21] 77; Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754, 763 (4th Cir. 2011); Rendelman v. Rouse, 569 F.3d 182, 186–87 (4th Cir. 2009); Incumaa v. Ozmint, 507 F.3d 281, 286 (4th Cir. 2007); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986) (per curiam).

Next, the court addresses numerous defendants' motions to dismiss based on improper service of process under Federal Rule of Civil Procedure 12(b)(5). Federal Rule of Civil Procedure 4 details the means of properly effecting service of a summons. If service is not perfected within 120 days of filing the complaint, the court must dismiss the action without prejudice unless plaintiffs show good cause for the failure to properly serve. Fed. R. Civ. P. 4(m). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998). Once service has been contested, plaintiffs must establish the validity of service pursuant to Rule 4. See Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 773 (E.D.N.C. 2011); O'Meara v. Waters, 464 F.

2

Supp. 2d 474, 476 (D. Md. 2006). Because defendants did not waive or consent to service, the Reales must prove that they validly served all defendants.

Rule 4(*l*) requires that proof of service must be furnished to the court in the form of an affidavit. Fed. R. Civ. P. 4(*l*)(1). For defendants Timothy Griego, Natasha Wilde-Brant, Robin Dominguez, County of Riverside Department of Social Services, Courtney Barzandeh, and Bruce Rudberg, plaintiffs have filed no such proof of service with the court. It has been more than 120 days since plaintiffs filed the amended complaint and plaintiffs have not shown good cause for failing to perfect service. Thus, the amended complaint is dismissed without prejudice as to these defendants. See Mann v. Castiel, 681 F.3d 368, 373 (D.C. Cir. 2012); Convergence Techs. (USA), LLC v. Microloops Corp., 711 F. Supp. 2d 626, 630–32 (E.D. Va. 2010); Brown v. Am. Insts. For Research, 487 F. Supp. 2d 613, 617 (D. Md. 2007).

The Reales argue that service on the remaining defendants was proper because the Reales mailed a copy of the summons and amended complaint to the defendants. See [D.E. 189] 2; [D.E. 190] 4; [D.E. 192] 11; [D.E. 202] 4; [D.E. 204] 2. Rule 4(c)(2) provides, "Any person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). Thus, "[e]ven when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail. . . . [T]he rule contains no mailing exception to the nonparty requirement for service." Constien v. United States, 628 F.3d 1207, 1213–14 (10th Cir. 2010) (emphasis added); see Thomas v. Nelms, No. 1:09-CV-491, 2013 WL 593419, at *1–2 (M.D.N.C. Feb. 14, 2013) (unpublished); Knotts v. Univ. of N.C. at Charlotte, No. 3:08-CV-478, 2011 WL 650493, at *8–9 (W.D.N.C. Feb. 10, 2011) (unpublished) (collecting cases). The proofs of service the Reales submitted support the Reales' assertion that they personally mailed copies of the summons and amended complaint to the defendants (except to Baccuhus Carver). See [D.E. 24,

3

27, 95]. However, the Reales' mailing copies of the summons and amended complaint does not comply with the nonparty requirement of Rule 4(c). Furthermore, the Reales have not shown that they have served the proper parties in accordance with the Federal Rules of Civil Procedure or any applicable North Carolina rule of procedure. See, e.g., Fed. R. Civ. P. 4(e), (h), (j), (*l*). Accordingly, the Reales have failed to prove that they satisfied Rule 4. See Johnson, 867 F. Supp. 2d at 773–74; Knotts, 2011 WL 650493, at *8–9; Elkins v. Broome, 213 F.R.D. 273, 275–76 (M.D.N.C. 2003); see also Brown, 487 F. Supp. 2d at 614–17.

Although proceeding pro se, plaintiffs must comply with the Federal Rules of Civil Procedure. See, e.g., Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149–52 (1984) (per curiam); Sys. Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013–14 (5th Cir. 1990) (per curiam). While the court enjoys some discretion in enforcing Rule 4 when there is actual notice, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Plaintiffs have not shown good cause for their failure to perfect service. Accordingly, the court dismisses the Reales' amended complaint without prejudice as to all defendants except Baccuhus Carver due to the lack of personal jurisdiction arising from the Reales' failure to properly effect service.

As for defendant Baccuhus Carver, Myron Yandle personally served Carver on September 28, 2012. See [D.E. 95] 17. Carver is a Wake County Guardian ad Litem community volunteer. [D.E. 21] ¶ 51. Under Rule 4, an individual within a judicial district of the United States may be served by delivering a copy of the summons and complaint to the individual personally. Fed. R. Civ. P. 4(e)(2)(A). Thus, Carver was properly served.

4

Carver has moved to dismiss plaintiffs' claims against him under Rules 12(b)(1) and 12(b)(6). See [D.E. 99–100]. Carver's motion under Rule 12(b)(1) asserts that this court lacks subject-matter jurisdiction over the Reales' claims pursuant to the Rooker-Feldman doctrine. Fed. R. Civ. P. 12(b)(1); see D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482–86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16 (1923). This doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Federal district court review of state-court judgments is improper. Congress has empowered only the Supreme Court of the United States to reverse or modify a state-court judgment. See id. at 292. The Rooker-Feldman doctrine applies not only to claims actually raised before the state court, but also to claims "inextricably intertwined" with state-court determinations. See Feldman, 460 U.S. at 482 n.16.

Here, plaintiffs seek redress for injury caused by the state court's child custody determinations entered before they filed their action in this court. See [D.E. 21] 69–77. Although plaintiffs' claim for injunctive relief is moot, plaintiffs' claims for damages survive. See Rendelman, 569 F.3d at 187; Williams, 952 F.2d at 823; Taylor, 781 F.2d at 1048 n.1. Nonetheless, to award plaintiffs damages, this court must revisit the merits of state court decisions concerning child custody. See Feldman, 460 U.S. at 482 n.16; Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs., No. 11-2131, 2013 WL 2364587, at *9 (4th Cir. May 31, 2013) (per curiam) (unpublished); Allstate Ins. Co. v. W. Va. State Bar, 233 F.3d 813, 818–19 (4th Cir. 2000); Plyler v. Moore, 129 F.3d 728, 731–32 (4th Cir. 1997). Because the Rooker-Feldman doctrine bars such determinations, this court dismisses plaintiffs' claims against Carver due to lack of subject-matter jurisdiction. See Stratton, 2013 WL 2364587, at *11; Kanode v. Swope, Civil Action Nos. 1:09-1530, 1:10-0407, 1:11-0994,

5

1:12-0157, 2012 WL 4507602, at *8 (S.D. W. Va. Feb. 22, 2012) (unpublished), adopted by 2012 WL 4508138 (S.D. W. Va. Sept. 28, 2012) (unpublished); Woodson v. Tuebert, Civil Action No. 5:07-0782, 2010 WL 5830448, at *3 (S.D. W. Va. Oct. 21, 2010) (unpublished), adopted by 2011 WL 672196 (S.D. W. Va. Feb. 15, 2011) (unpublished); Barbeau v. Gen. Court of Justice, No. 7:10-CV-91-BR, 2010 WL 2812695, at *3 (E.D.N.C. June 15, 2010) (unpublished), adopted by 2010 WL 2816325 (E.D.N.C. July 16, 2010) (unpublished); Moment v. O'Malley, Civil Action No. AW-09-2209, 2009 WL 9055330, at *1 (D. Md. Sept. 16, 2009) (unpublished), aff'd, 368 F. App'x 359 (4th Cir. 2010) (per curiam) (unpublished); Kelley v. Saleeby, C.A. No. 4:08-00639-RBH, 2008 WL 3927230, at *2 (D.S.C. Aug. 21, 2008) (unpublished), aff'd, 302 F. App'x 218 (4th Cir. 2008) (per curiam) (unpublished).

Alternatively, even if this court had subject-matter jurisdiction, Carver is entitled to immunity. The amended complaint alleges that at all relevant times Carver was acting as a guardian ad litem. [D.E. 21] ¶ 51. Guardians ad litem are entitled to the absolute bar of quasi-judicial immunity for acts within a judicial role. See Fleming v. Asbill, 42 F.3d 886, 889 (4th Cir. 1994); Dalenko v. Wake Cnty. Dep't of Human Servs., 157 N.C. App. 49, 57–58, 578 S.E.2d 599, 604–05 (2003). To the extent that plaintiffs allege Carver acted unlawfully outside a judicial role, North Carolina statute provides immunity to volunteer guardians ad litem. Volunteer guardians ad litem are granted immunity for all actions or omissions "in connection with" custody proceedings if the guardians at litem act in good faith and without gross negligence. N.C. Gen. Stat. § 7B-1204. The allegations in the amended complaint that specifically mention Carver vaguely accuse him of being part of a wide-ranging government conspiracy against the Reales. See [D.E. 21] ¶¶ 143, 163, 174–75, 213–14. The amended complaint does not provide facts sufficient to raise a plausible inference that such a conspiracy existed or that Carver otherwise acted with gross negligence or

6

without good faith. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178–79 (3d Cir. 2010); Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765–66 (4th Cir. 2003); Wooton v. CL, LLC, No. 2:09-CV-34-FL, 2010 WL 3767308, at *4–5 (E.D.N.C. Sept. 27, 2010) (unpublished). Thus, even if there were subject-matter jurisdiction, Carver is immune from liability for damages and plaintiffs fail to state a claim for relief against Carver as a guardian ad litem.

Finally, even if the court had subject-matter jurisdiction over this dispute and if Carver were not shielded by immunity, plaintiffs have failed to state a claim against Carver upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. A court also "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Here, plaintiffs' amended complaint lacks specific factual allegations that would plausibly entitle them to relief from Carver under any of plaintiffs' claims. Thus, these claims fail.

II.

Next, the court considers the Reales' motion for reconsideration [D.E. 193]. The Reales filed suit on behalf of themselves and their seven minor children. See [D.E. 1-1]. On December 8, 2011, while dismissing this case for lack of subject-matter jurisdiction under the domestic-relations

7

exception, this court found that the Reales could not litigate the claims of their minor children in federal court [D.E. 4]. In its May 4, 2012 judgment, the Fourth Circuit noted that the Reales conceded on appeal that the Reales could not press their children's claims pro se, and held that if the children did not receive counsel, then the children's claims should be dismissed. [D.E. 12] 5. Notwithstanding the Fourth Circuit's holding, the Reales continue to attempting to litigate their minor children's claims. See [D.E. 21]. On December 12, 2012, this court again instructed the Reales to obtain counsel for their children and warned that otherwise the children's claims would risk dismissal without prejudice. [D.E. 173] 5–6. On January 10, 2013, the Reales moved for reconsideration of the December 12, 2012 order, citing the termination of state child custody proceedings and the return of the minor children to the Reales' custody [D.E. 193, 194].

Whether to grant a motion for reconsideration of an interlocutory order rests within the court's discretion. See, e.g., F.D.I.C. v. Willetts, 882 F. Supp. 2d 859, 867 (E.D.N.C. 2012). Motions for reconsideration of interlocutory orders are subject to a lower standard than final judgments, but are "appropriately granted in narrow circumstances: (1) the discovery of new evidence, (2) an intervening development or change in the controlling law, or (3) the need to correct a clear error or prevent manifest injustice." Wiley v. Buncombe Cnty., 846 F. Supp. 2d 480, 487 (W.D.N.C. 2012). The Reales do not argue that there has been a clear error or manifest injustice. Additionally, they do not argue that there has been an intervening change in the controlling law. Indeed, they appear to concede that Fourth Circuit precedent bars non-attorney pro se plaintiffs from litigating their minor children's claims. See [D.E. 194] ¶ 9; Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005). Rather, the Reales' appear to argue that the state court's ruling on the Reales' child custody dispute is new evidence warranting reconsideration of the Reales capacity to litigate their minor children's claims.

8

Unfortunately for the Reales, even assuming the state court ruling can be considered new evidence for this purpose, the ruling provides them no relief. The Reales' custody over their minor children is irrelevant to whether the Reales, as non-attorney pro se plaintiffs, may litigate the children's claims. See, e.g., Myers, 418 F.3d at 400. The policy animating the rule against allowing non-attorney pro se plaintiffs to litigate their children's claims is "based on protection of the legal interests of the minor and the impropriety of a person who is not a member of the bar representing another person in court proceedings." Tindall v. Poultney High Sch. Dist., 414 F.3d 281, 284 (2d Cir. 2005). Thus, the status of the children's custody does not impact whether a non-attorney pro se parent may litigate their claims, and no relevant new evidence supports the motion for reconsideration. The Reales' motion for reconsideration is denied. See Pritchard v. Wal Mart Stores, Inc., 3 F. App'x 52, 53 (4th Cir. 2001) (per curiam) (unpublished); Ga.-Pac. Consumer Prods. v. Von Drehle Corp., 815 F. Supp. 2d 927, 929 (E.D.N.C. 2011); Potter v. Potter, 199 F.R.D. 550, 552–53 (D. Md. 2001).

The Reales have persisted in their attempts to litigate the claims of their minor children despite this court's multiple orders, a Fourth Circuit opinion, and even their own apparent admission that such attempts are impermissible. Federal Rule of Civil Procedure 12(f) allows a court, acting on its own or upon a party's motion, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although granting a motion to strike is generally disfavored, the court has such discretion. See Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001); Willetts, 882 F. Supp. 2d at 870. The Reales are barred from litigating their minor children's claims themselves, and the children are not otherwise represented. Any reference to the children as parties is immaterial and impertinent. Thus, under Rule 12(f), the court strikes reference to the Reales' minor children as parties. See Spears v. Liberty Life Assurance

9

Co. of Bos., 885 F. Supp. 2d 546, 557 (D. Conn. 2012); Smith v. Jefferson Pilot Fin. Ins. Co., 367 F. Supp. 2d 839, 843–44 (M.D.N.C. 2005); Gourdine v. Ellis, 435 F. Supp. 882, 883–84 (D.S.C. 1977); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. 2004).

### III.

In sum, plaintiffs' claim for injunctive relief is DISMISSED as moot. Plaintiffs' amended complaint [D.E. 21] is DISMISSED WITHOUT PREJUDICE as to all defendants except Baccuhus Carver due to lack of personal jurisdiction arising from the failure to properly effect service. As for defendant Baccuhus Carver, Carver's motion to dismiss [D.E. 99] is GRANTED as to him, and he is no longer a party. Plaintiffs' motion for reconsideration [D.E. 193] is DENIED. The court STRIKES all references to plaintiffs' minor children as parties and DISMISSES WITHOUT PREJUDICE the minor children's claims. Finally, this court need not and does not address the numerous other arguments in the various motions.

SO ORDERED. This 12 day of June 2013.

JAMES C. DEVER III
Chief United States District Judge